U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUL 14 2005

ROBERT H. SHEMWELL, CLERK
BY_____
      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 96CR60031-04 |
| VERSUS | * | JUDGE DOHERTY |
| RICHARD EARL JOHNSON | * | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is the Motion to Correct Illegal Sentence filed by petitioner, Richard Earl Johnson, pursuant to 28 U.S.C. §2255.[1] [rec. doc. 954]. The Motion was signed by petitioner on June 20, 2005 and filed in this court on June 28, 2005. This matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

On August 13, 1996, petitioner was indicted for the following crimes: conspiracy to possess with intent to distribute over 50 kilograms of cocaine base or "crack", beginning on or about January 1, 1989 until January 1, 1996, in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(A) and §846 (Count 1); possession with intent to distribute over 1008 grams of cocaine base, on or about May 10, 1993, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(A) (Count 6); and possession with intent to distribute over 1008 grams of cocaine base, on or about August 6, 1993, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(A) (Count 9). [rec. doc. 1].

---

[1] §2255 is the proper means of attacking errors that occurred during or before sentencing and for challenging the validity of a conviction and sentence. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997); *Hooker v. Sivley*, 187 F.3d 680, 681 (5th Cir. 1999).

Johnson's pre-trial Motion to Dismiss Count 1 was granted, and accordingly, Count 1 of the indictment was dismissed. [rec. doc. 403]. Following trial by jury, petitioner was acquitted of Count 6, and was found guilty of Count 9. [rec. doc. 533]. Petitioner was sentenced on September 16, 1997 to 262 months imprisonment. [rec. doc. 648]. Petitioner's conviction was affirmed by the United States Fifth Circuit Court of Appeal on August 6, 1999. [rec. doc. 783]. Petitioner's request for a writ of certiorari was denied by the United States Supreme Court on January 10, 2000. [rec. doc. 791].

By this Motion, petitioner claims that his sentencing violated the principles set forth in the United States Supreme Court's decisions in *Blakely v. Washington*, -- U.S. --, 124 S.Ct. 2531 (6-24-04)[2] and *United States v. Booker*, -- U.S. --, 125 S.Ct. 738, 2005 WL 50108 (1-12-05).[3]

## LAW AND ANALYSIS

Petitioner's conviction and sentence on count 9 became final on January 10, 2000, when the United States Supreme Court denied certiorari. U.S. Sup. Ct. R. 13; *United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000); *United States v. Thomas*, 203 F.3d 350

---

[2] In *Blakely*, the Supreme Court held that the sentencing of a Washington state defendant under Washington's determinate sentencing regime violated his Sixth Amendment right to a jury trial. Specifically, the court held that *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and other precedents preclude a judge from utilizing a fact found by him using a preponderance of the evidence standard, in order to impose more than the maximum sentence that could be imposed based solely on the facts reflected in the jury verdict or admitted by the defendant. *Blakely*, 124 S.Ct. at 2537-38.

[3] In *Booker*, the United States Supreme Court applied the rule announced in *Apprendi* and *Blakely* to the federal sentencing guidelines and held that the Sixth Amendment right to trial by jury is violated under a mandatory guidelines system if a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury. The Supreme Court decided that the remedy was to render the guidelines advisory rather than mandatory.

2

(5th Cir. 2000); *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072 (2003). The instant petition was filed, at the earliest, on June 20, 2005.[4]

Title 28 U.S.C. §2255 was amended by AEDPA to provide a one-year statute of limitations for the filing of §2255 motions. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2255, ¶6(1). Petitioner asserts however, that pursuant to §2255, ¶6(3)[5] his petition is timely because his claims are based on the United States Supreme Court's recent decisions in *Blakely* and *Booker*. Both *Blakely* and *Booker* were decided after petitioner's conviction became final. Under §2255, ¶6(3), petitioner's claims would be considered timely filed only if *Blakely* or *Booker* initially recognized a new right and that right is retroactively applicable to cases on collateral review.

The Fifth Circuit has not yet squarely addressed whether the *Blakely* or *Booker* decisions recognized a new right or whether any such right should be applied retroactively to initial applications for collateral review. However, the Fifth Circuit has recently held that *Booker* cannot be applied retroactively to authorize a second or successive §2255 motion. *In re Elwood*, 408 F.3d 211 (5th Cir.2005). Additionally, the Fifth Circuit has held that *Booker* does not apply retroactively as required for

---

[4]The undersigned has given petitioner the benefit of the "mailbox" rule. Petitioner signed the Motion on June 20, 2005. That is the earliest date that petitioner could have handed the Motion to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Spotsville v. Cain*, 149 F.3d 374 (5th Cir. 1998) adopting the rationale of *Houston v. Lack* for *habeas corpus* petitions.

[5]28 U.S.C. § 2255 provides in pertinent part that, in appropriate cases, the one year limitation period may run from:
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review....

3

applications brought under §2241 via the savings clause of §2255. *Padilla v. United States*, -- F.3d --, 2005 WL 1595291 (5th Cir. 7-8-05) (finding that the retroactivity requirement set forth in the first prong of the *Reyes-Requena* test for demonstrating that §2255 is inadequate and ineffective was not satisfied because "[l]ike *Apprendi*, *Booker's* holding is not retroactively applicable to cases on collateral review."). Moreover, the Second, Third, Sixth, Seventh, Tenth, and Eleventh Circuits have uniformly concluded that *Booker* is not retroactively applicable to cases on initial collateral review.[6] Finally, all district courts in this circuit which have addressed the retroactivity question have uniformly concluded that *Booker* does not apply to initial or first §2255 motions.[7] Thus, these courts have held that *Booker* does not satisfy the requirements for the limitation period set forth in ¶6(3), and therefore does not create a new commencement date for the one year limitation period. See *Lozano-Griego*, 2005 WL 1605702 at *3-4 and *Runnels*, 2005 WL 1607413 at *3-4; *Newsome v. United States*, 2005 WL 491491, *2 (N.D.Tex. 3-3-05); *United States v. Powell*, 2005 WL 525192, *1 at fn. 3 (N.D.Tex. 3-4-05).

The same is true with the *Blakely* decision. The circuit and district courts which have addressed the retroactivity question have uniformly held that *Blakely*, like *Apprendi*,

---

[6]See *McReynolds v. United States*, 397 F.3d 479 (7th Cir.2005) (concluding that *Booker* states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); *United States v. Humphress*, 398 F.3d 855 (6th Cir.2005) (same); *Varela v. United States*, 400 F.3d. 864 (11th Cir.2005) (same); *Guzman v. United States*, 404 F.3d 139 (2d Cir.2005) (same); *Lloyd v. United States*, 407 F.3d 608 (3d Cir. May 17, 2005) (same); *United States v. Bellamy*, -- F.3d --, 2005 WL 1406176 (10th Cir. June 16, 2005) (same).

[7]See *Lozano-Griego v. United States*, 2005 WL 1605702 (W.D.Tex. 7-5-05); *United States v. Runnels*, 2005 WL 1607413 (S.D.Tex. 7-5-05); *United States v. O'Keefe*, 2005 WL 1578625 (E.D.La. 6-29-05); *United States v. Fountain*, 2005 WL 1502054 (N.D.Tex. 6-24-05); *Polk v. United States*, 2005 WL 1399660 (E.D.Tex. 6-13-05).

4

does not apply retroactively to cases on collateral review.[8] Thus, for purposes of the limitation period set forth in ¶6(3), these courts have held that *Blakely* does not create a new commencement date for the one year limitation period. See e.g. *Juarez*, 2004 WL 2965029 at *2; *Phillips*, 2004 WL 2414819 at *3; *Malone*, 2004 WL 1746891 at *1; *Traeger*, 325 F.Supp.2d at 864.

The undersigned agrees with the reasoning of above courts which have held that *Booker* and *Blakely*, like *Apprendi*, announce rules of criminal procedure, which are not watershed rules of criminal procedure, and therefore may not be applied retroactively to

---

[8] See *United States v. Price*, 118 Fed.Appx. 465 (10th Cir. 12-16-04), rehearing denied, *United States v. Price*, 400 F.3d 844 (10th Cir. 3-8-05) ("*Blakely* does not apply to convictions that were already final at the time the Court decided Blakely, June 24, 2004."); *Reid v. Stewart*,119 Fed.Appx. 58 (9th Cir. 12-10-04) (§2254 petition); *Garcia v. United States*, 2004 WL 1752588, *5 (N.D.N.Y. 8- 4-04) (noting that "because *Apprendi* does not apply retroactively to collateral attacks and *Blakely* is an extension of *Apprendi*, *Blakely* is similarly limited to prospective application"); *Concepcion v. United States*, 328 F.Supp.2d 372, 374 (E.D.N.Y. 8-25-04); *United States v. Lowe*, 2004 WL 1803354, *3 (N.D.Ill. 8-5-04); *United States v. Malone*, 2004 WL 1746891, *1 (N.D.Ill. 8-3-04); *United States v. Stoltz*, 325 F.Supp.2d 982, 986-987(D.Minn. 7-19-04); *United States v. Traeger*, 325 F.Supp.2d 860, 864 (N.D.Ill. 7-8-04); *Patterson v. United States*, 2004 WL 1615058, *4 n. 3 (E.D.Mich. 7-2-04) ("*Blakely* is in fact an extension of the rule announced in *Apprendi v. New Jersey*" and thus *Blakely*, like *Apprendi*, cannot be applied retroactively to cases on collateral review); *United States v. Juarez*, 2004 WL 2965029 (N.D.Tex. 12-8-04); *Tisdale*, 2004 WL 2782725 at *6-7; *United States v. Lilly*, 342 F.Supp.2d 532, 537-538 (W.D.Va. 10-28-04) citing *Morris v. United States*, 333 F.Supp.2d 759 (C.D.Ill. 2004), *Jaubert v. Dretke*, 2004 WL 1923893, *1 (N.D.Tex. 8-27-04), and *Rosario-Dominguez v. United States*, 2004 WL 1814021, *9 (S.D.N.Y. 8-16-04); *United States v. Stancell*, 346 F.Supp.2d 204, 206 (D.D.C. 12-2-04) citing *Mulvihill v. Garcia*, 113 Fed.Appx. 289, 290 fn.1 (9th Cir. 2004) (*Blakely* does not apply retroactively to cases on collateral review), *United States v. Beatty*, 103 Fed.Appx. 785 (4th Cir. 2004) ("*Blakely* does not apply in the Section 2255 context"), *United States v. Falodun*, 2004 WL 2397612, *2-3 (D.Minn. 10-25-04) (citing *Schiro* and holding that *Blakely* is not a watershed rule and therefore may not be applied retroactively on collateral review), and *Orchard v. United States*, 332 F.Supp.2d 275 (D.Maine 2004) (same); *United States v. Davis*, 348 F.3d 964, 967-968 (N.D.Ind. 12-13-04); *United States v. Phillips*, 2004 WL 2414819 (D.Or. 10-26-04); *United States v. Cino*, 340 F.Supp.2d 1113, 1117-1118 (D.Nev. 9-15-04); *United States v. Bemis*, 2004 WL 2958418 (D.Oregon 12-21-04); *United States v. Quintero-Aruajo*, 343 F.Supp.2d 935, 944-945 (D.Idaho 10-25-04); *United States v. Dillon*, 339 F.Supp.2d 1155 (D.Kan. 9-28-04); *Morris v. United States*, 333 F.Supp.2d 759, 771-772 (C.D.Ill. 9-1-04); *Kaua v. Frank*, 2004 WL 2980265, *12 (D.Hawaii 2004) ( §2254 petition); *United States v. Marshall*, 2004 WL 2980733, fn.* (4th Cir. 12-22-04); *United States v. Phillips*, 109 Fed.Appx. 627 (4th Cir. 2004); *United States v. Smith*, 111 Fed.Appx. 184 (4th Cir. 10-21-04); *Spiridigliozzi v. United States*, 2004 WL 2671719 (6th Cir. 2004) ("like the Supreme Court's decision in *Apprendi*, it is unlikely *Blakely* would apply retroactively to matters addressed via ... §2255); *Carbajal v. United States*, 2004 WL 2283658 (S.D.N.Y. 2004); *United States v. Sukkup*, 2004 WL 2855782 (9th Cir. 2004).

5

cases on collateral review.[9]

The undersigned's decision is bolstered by the United States Supreme Court's decisions in *Schiro v. Summerlin*, -- U.S. --, 124 S.Ct. 2519 (6-24-04), *Booker* and *Blakely*, as well as the Fifth Circuit's decision in *United States v. Brown*, 305 F.3d 304 (5th Cir. 2002).

In *Schiro* the Supreme Court strongly suggested that *Apprendi* and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review. *Schiro*, 124 S.Ct. at 2526. *Schiro*, decided the same day the Supreme Court decided *Blakely*, holds that *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review. See also *Blakely*, 124 S.Ct. 2531, 2549 (O'Connor, J., dissenting) (recognizing the Court's holding in *Schiro* "that *Ring* (and *a fortiori Apprendi*) does not apply retroactively on habeas review").

In *Booker*, the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on direct review." *Booker*, 125 S.Ct. at 769. The Court could have, but did not, make any reference to cases on collateral review.

Finally, the *Blakely* opinion explains that its holding is an application of the rule expressed in *Apprendi*, and in *Brown*, the Fifth Circuit held that *Apprendi* announced a

---

[9]For purposes of this analysis, the undersigned assumes without deciding that *Blakely* and *Booker* announced a "new" rule. If this were not the case, petitioner's claims would unquestionably be untimely. Unless the United States Supreme Court initially recognized a new right in *Blakely* or *Booker*, paragraph 6(3) is inapplicable. Petitioner's conviction became final on January 10, 2000. However, petitioner did not present his *Blakely* or *Booker* claims until June 20, 2005. Moreover, it is clear that any claim based on *Apprendi*, decided on June 26, 2000, or *Ring*, decided in 2002, is untimely because petitioner did not assert his claims within one year of those decisions.

6

new rule of criminal procedural which is not retroactively applicable on collateral review. *Blakely*, 124 U.S. at 2536; *Brown*, supra. Applying the reasoning set forth in *Brown*, leads to the conclusion that the extension of the *Apprendi* rule announced in *Blakely* and extended in *Booker* are likewise rules of criminal procedure which are not to be applied retroactively.

Accordingly, because the rules of criminal procedure announced in *Blakely* and *Booker* do not apply retroactively to cases on collateral review, petitioner's claims based on these cases have been untimely filed because the limitation period set forth in ¶6(3) is inapplicable. Neither *Blakely* nor *Booker* created a new commencement date for the limitation period because these decisions are not retroactively applicable on collateral review.

For the foregoing reasons, **IT IS RECOMMENDED** that Richard Earl Johnson's Motion to Correct Illegal Sentence filed pursuant to Title 28 U.S.C. §2255 be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this 14 day of July, 2005.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT
DATE 7-14-05
BY gbu
TO RFD
CMH